## STATE v. FOSTER.
### No. 5723.
Circuit Court, Lake County.

October 7, 1969.

62

L. E. Brown, Assistant State Attorney, Tavares, for the state.

W. H. Carmine, Jr., Lakeland, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

Defendant is charged with grand larceny. He moves to quash on the ground that certain testimony given by him before the state attorney granted him immunity under provisions of §932.29, Florida Statutes (1967).

The defendant, in response to a subpoena, appeared before the state attorney, and after a preliminary discussion, gave certain testimony which, for the purpose of this opinion, we will assume incriminated him or provided a link in the chain of evidence upon which the information in this cause was based.

Defendant contends that because he appeared in response to a subpoena, he was compelled or required to testify. Apparently defendant takes the position that once a subpoena is served, unless the witness is excused, anything he may say of a nature to incriminate him would grant him immunity under the above mentioned statute.

Such is not the case. One who appears in response to a subpoena and gives testimony presumably does so voluntarily. If the contrary were true, he would attack the subpoena by appropriate process or assert the right to refuse to testify on the ground that the testi-

mony might tend to incriminate him. The defendant in this case did neither of these things.

The philosophy of the Florida immunity statute is to provide a tool through which criminals may be apprehended and prosecuted — it is not designed to provide a haven to which a defendant may retreat, having voluntarily given testimony.

The fact that the state attorney advised the defendant that he had the right not to testify and that he would not be granted immunity is sufficient to show that the testimony of this defendant was freely and voluntarily given.

Defendant seeks to further urge dismissal under the Florida immunity statute on the theory that the state attorney failed to advise the defendant of his rights under the statute. As authority for this contention he cites Ballengee v. State, 144 So.2d 68 (2d D.C.A. Fla. 1962). Assuming for the moment that the state attorney did not advise the defendant of his rights under the statute, the cited case is no authority for the proposition urged by the defendant. In that case the appellate court reversed a contempt citation on the ground, among others, that the court failed to advise the witness, who was held in contempt, of his right to immunity under the statute, if he would testify as ordered by the court. The witness in the cited case had asserted his privilege against self-incrimination while on the witness stand in a criminal case. Inasmuch as the defendant in the instant case failed to assert his privilege against self-incrimination, the principle of the cited case has no application.

The holding of this court in this opinion is consistent with that of the Florida Supreme Court in McKown v. State, 54 So.2d 54 (Fla. 1951). It held that to immunize a defendant from prosecution, any evidence must be compelled or required. In the instant case the testimony given by the defendant was neither compelled, nor required. He was advised by the state attorney of his right not to testify, he was also told that if he did testify he would be granted no immunity, and that any testimony he might give could be used against him.

In short, had the defendant declined to testify before the state attorney, the state attorney would have had two choices. The interview could have been terminated; or the testimony compelled or required — in which event the immunity statute would have come into play and prohibited the prosecution of the defendant.

Accordingly, it is ordered that the motion to quash by the defendant, R. D. Foster, is denied. .